IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GRISEL | § | |
| VS. | § | CIVIL ACTION NO. 1:11-CV-135 |
| WARDEN FOX | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Christopher Grisel, a federal prisoner confined in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner was convicted of fraud in the United States District Court for the Eastern District of Michigan. On December 1, 2006, petitioner was sentenced to thirty-six months of imprisonment. The judgment was affirmed on appeal. *United States v. Mikell*, 344 Fed.Appx. 218 (6th Cir. Aug. 27, 2009). Petitioner's petition for writ of certiorari was denied on March 29, 2010.

The issues raised in this petition do not challenge the manner in which petitioner's sentence is being executed. Instead, the petition attacks the constitutionality of his conviction. While a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is executed, *United States v. Cleto*, 956 F.2d 83 (5th Cir. 1992), a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is the proper method for

challenging the conviction or sentence itself. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Section 2255 provides the primary means of collateral attack on a federal sentence").

As petitioner is challenging his conviction and sentence, the court will construe this filing as a motion to vacate, set aside or correct sentence. A motion to vacate sentence must be filed in the district where the person seeking relief was sentenced. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129 (5th Cir. 1987). Petitioner was convicted and sentenced in the United States District Court for the Eastern District of Michigan. Therefore, this action shall be transferred to that court.

## Conclusion

In accordance with the foregoing, this action will be transferred to the United States District Court for the Eastern District of Michigan. An order transferring the case will be entered in accordance with this Memorandum Opinion.

**SIGNED** this __24__ day of _____March_____, 2011.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE